Broco Oliveras, Juez Ponente
*630 TEXTO COMPLETO DE LA SENTENCIA
El Estado Libre Asociado de Puerto Rico (E.L.A.), representado por el Procurador General, recurre ante nos y solicita la revisión de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 19 de agosto de 1997. En dicha sentencia, el tribunal halló incursos en responsabilidad civil tanto al E.L.A. como al señor Víctor Santiago Reyes por los daños que éste último causó a las demandantes, la Sra. Leonidas Ortiz Rivera y su hija Lourdes Yañez Ortiz, mientras éste era perseguido por agentes del orden público que intentaban detenerlo y arrestarlo por diversas violaciones a la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sees. 2101 et seq.
Por considerar que el E.L.A. es inmune a reclamaciones por daños en casos como el de autos, además de no existir nexo causal entre las acciones de los agentes del Estado y los daños sufridos por las demandantes, revocamos la sentencia recurrida en cuanto a esa parte demandada.
I
Los hechos que dan origen a este pleito no están en discusión. En la mañana del 18 de septiembre de 1992, varios agentes del Negociado de Investigaciones Especiales (N.I.E.) se encontraban en el Santa María Shopping Center, en el Municipio de Guaynabo. Los agentes realizaban una operación en la que esperaban arrestar a una persona que haría una transacción de drogas con un agente encubierto. Aproximadamente a las 11:30 a.m. el agente encubierto realizó una compra de drogas a una persona que, cuando aun se encontraba en los predios del centro comercial, entregó el dinero recibido al señor Víctor Santiago Reyes. Este transitaba en un automóvil que, a su vez, era seguido por otro auto en el que viajaban otros cómplices del señor Santiago Reyes, a quienes servían como "escolta". Cuando fueron alertados de lo sucedido, los agentes del N.I.E. hicieron un cerco a los dos vehículos ocupados por los sospechosos, pero el auto en que viajaba Santiago Reyes pudo burlar dicho cerco, dándose entonces a la fuga. Agentes del N.I.E. siguieron a este vehículo, iniciándose entonces una persecución que llegó hasta la Avenida Esmeralda de Guaynabo, donde el vehículo de Santiago Reyes (luego de impactar otros vehículos y varios teléfonos propiedad de la Compañía de Teléfonos de Puerto Rico) chocó con el automóvil Mercury de la demandante, la Sra. Leonidas Ortiz Rivera, y en el que encontraba también su hija, Lourdes Yáñez Ortiz. Se determinó el Tribunal de Primera Instancia, como producto del accidente, el auto de la Sra. Ortiz Rivera resulto ser pérdida total.
Una vez arrestado el señor Santiago Reyes, fue posteriormente acusado y juzgado por diversos delitos, entre ellos, violaciones a la Ley de Sustancias Controladas, supra, a la Ley de Armas (Ley *631 Núm. 17 de 19 de enero de 1951, según enmendada, 25 L.P.R.A. sees. 411 et seq.), y a diversos artículos del Código Penal.
Por su parte, la Sra. Ortiz Rivera presentó una demanda contra el señor Santiago Reyes, en la que incluyó como demandado al E.L.A. Alegó que los agentes del N.I.E. habían actuado negligentemente al no arrestar inmediatamente al señor Santiago Reyes. Al actuar de esa forma, añadió la demandante, los agentes permitieron que Santiago Reyes huyera en su automóvil, y dieron inicio a una persecución que, considerando la hora y el lugar en que tuvo lugar, era previsible que podía afectar la vida o propiedad de terceros inocentes.
El E.L.A. presentó una moción de desestimación, en la que alegó que la Ley Núm. 104 de 29 de junio de 1955, conocida como la Ley de Reclamaciones y Pleitos contra el Estado, 32 L.P.R.A. 3077 et seq., no autoriza las acciones de daños y perjuicios en casos como el de autos; que no había nexo causal entre las acciones de los agentes del N.I.E. y los daños alegadamente sufridos; y que los demandantes, si tenían una reclamación, debían de hacerla primeramente ante la agencia involucrada y no ante los tribunales. Posteriormente también presentó el E.L.A. una moción para que se dictase sentencia de forma sumaria y se desestimara la acción contra el Estado, amparándose nuevamente en la inmunidad de los agentes del Estado frente a demandas por actos que dichos agentes realizan en el ejercicio de sus labores. El tribunal declaró sin lugar ambas mociones.
Luego de ver el caso en su fondo, el tribunal emitió la sentencia aquí recurrida, en la que declaró con lugar la demanda interpuesta y determinó que ambos demandados eran solidariamente responsables de los daños sufridos por la Sra. Ortiz Rivera y su hija. Según estimó probado la sala sentenciadora, los agentes del N.I.E. actuaron de forma negligente al no arrestar al co-demandado Santiago Reyes inmediatamente después de realizada la transacción de drogas con el agente encubierto. Ello, según el tribunal, fue la causa próxima de la persecución y el subsiguiente accidente en el que el automóvil en que viajaban la Sra. Ortiz Rivera y su hija resulto destruido. Por tal razón, el tribunal ordenó a los co-demandados a pagar, de forma solidaria, la suma total de $47,000 por concepto de diversas partidas de daños.
El E.L.A. recurre ante nos y alega la comisión de dos errores por el Tribunal de Primera Instancia, a saber: (1) determinar que la causa próxima del accidente fue la negligencia de los agentes del E.L.A. al no establecer un plan adecuado para evitar que el señor Santiago Reyes huyera del área del arresto; y (2) no aplicar a los hechos del caso la inmunidad establecida en la Ley de Pleitos contra el Estado, supra, en una situación en la que estaban involucrados funcionarios públicos que cumplían con su deber.
II
Para considerar las alegaciones de error que ante este Tribunal hace el Procurador General, debemos examinar primeramente la doctrina de causalidad que, para acciones de daños rige en nuestra jurisdicción, y los elementos de la Ley de Reclamaciones y Pleitos contra el Estado aplicables al caso de autos.
Es bien sabido que en nuestra jurisdicción rige una norma que obliga, por un lado, a no hacer daño a otros, ya sea en su persona o bienes y, por otro lado, a resarcir dichos daños cuando éstos son causados mediando culpa o negligencia. Art. 1802 del Código Civil, 31 L.P.R.A. see. 5141. La doctrina y la jurisprudencia han señalado repetidamente que son necesarios tres elementos para dar origen a una causa de acción bajo esta disposición legal: un acto negligente o torticero, un daño real, y un nexo o relación causal entre uno y otro. Sociedad v. González Padín, 117 D.P.R. 94 (1986); Bonilla v. Chardón, 118 D.P.R. 599 (1987)
El principio de causalidad requiere que, en todo caso de daños y pequicios, el demandante pruebe que fue la negligencia del demandado lo que, con mayor probabilidad, causó el daño sufrido. Ahora bien, en cuanto a causalidad, nuestro Tribunal Supremo ha expresado que no se considera causa toda condición sin la cual no se hubiera producido el daño. Causa es sólo aquella condición que ordinariamente produce ese daño, según la experiencia general. Soc. de Gananciales v. Jerónimo Corp., 103 D.P.R. 127 (1974). No es suficiente que un hecho aparezca como condición de un evento, si regularmente no trae aparejado ese resultado. "La causalidad está necesariamente limitada por el *632 ámbito de la obligación, pues es infinita la serie de daños que, en interminable encadenamiento, pueden derivarse del incumplimiento de una obligación." Estremera v. Inmobiliaria RAC, Inc., 109 D.P.R. 852 (1980); Rivera Jiménez v. Garrido & Co., 134 D.P.R. _ (1993), 93 J.T.S. 158. Esto significa, entonces, que "sólo se han de indemnizar los daños que constituyen una consecuencia del hecho que obliga a la indemnización." Estremera v. Inmobiliaria RAC. Inc., supra.
Ahora bien, ¿cuál es la norma en casos en que una persona causa daños a otra mientras es perseguido por agentes del Estado por la comisión de un delito? ¿Debe responder el Estado por los daños causados? Un examen de nuestra jurisprudencia nos señala que no hay una norma establecida en esta jurisdicción para casos de esta naturaleza. Ello no significa, sin embargo, que no podemos enfrentar el problema utilizando para ello la doctrina de causalidad y, más específicamente, la de causa próxima o eficiente.
Es obvio que, dentro de nuestro sistema de justicia penal, un oficial del orden público viene obligado a hacer cumplir la ley y, naturalmente, a traer ante la justicia a aquellos que la violan. En ese sentido, el oficial que persigue en automóvil a un fugitivo de la ley no hace sino cumplir con su deber. Si, bajo tales circunstancias, el automóvil perseguido se ve involucrado en un accidente, la causa próxima de dicho accidente es el conducir imprudente o temerario del conductor perseguido. En tanto la conducta del agente o los agentes del Estado que dan inicio o toman parte en la persecución no sea extremadamente inadecuada o temeraria, dentro de las circunstancias particulares del caso, es incorrecto adjudicarle responsabilidad al Estado por los daños que sufre un tercero como producto de la imprudencia del conductor fugitivo. A igual conclusión han llegado los tribunales de otras jurisdicciones que se han enfrentado a situaciones de hechos similares. 
En cuanto a la responsabilidad del Estado ante demandas por daños y perjuicios, ésta fue limitada por nuestro legislador mediante la Ley de Reclamaciones y Pleitos Contra el Estado, supra. La misma establece las circunstancias bajo las cuales el E.L.A. no responde por hechos fundados en la alegada comisión de actos torticeros por parte de agentes gubernamentales. Así, no se puede imponer responsabilidad en aquellos casos en que el daño ha sido causado por las actuaciones de un agente estatal que sólo cumple con un deber ministerial impuesto por una ley o reglamento, aún cuando éstos resultaran ser nulos. 32 L.P.R.A. see. 3081. El E.L.A., en cambio, está sujeto bajo la Ley de Reclamaciones y Demandas contra el Estado, a responder por daños y perjuicios en cualquiera de los siguientes supuestos: (1) cuando el empleado, agente o funcionario causa un daño por su exclusiva culpa o negligencia, mientras desempeña sus ftmeiones y actúa en su capacidad oficial; (2) cuando el empleado, agente o funcionario causa un daño mientras desempeña sus funciones y actúa en su capacidad oficial por una actuación preponderantemente negligente, aun cuando dicha conducta tenga algunos elementos intencionales; (3) cuando, a pesar de que el daño fue directamente producido por un acto enteramente intencional de los cuales no responde el Estado, hubo otros actos negligentes separados de co-causantes del daño por los cuales sí debe responder el Estado; (4) cuando el Estado a través de sus agentes es negligente por omisión al incumplir con un deber impuesto por las leyes y la Constitución y, dentro de esta última modalidad, (5) cuando el Estado no toma las medidas necesarias para supervisar de manera estricta aquellas actuaciones que podría prever causarían daño. Leyva et al. v. Aristud et al., 132 D.P.R. _ (1993), 93 J.T.S. 5.
III
Aplicando el derecho antes expuesto a la situación de autos, es inevitable concluir que los errores señalados por el Procurador General fueron cometidos.
Primeramente, no cabe duda de que la inmunidad contra demandas por daños y perjuicios que establece la Ley Núm. 104, supra, aplica a los oficiales del N.I.E. que intervinieron en el operativo realizado el 18 de septiembre de 1992 en el "Santa María Shopping Center". Estos se encontraban en el ejercicio de sus labores, según delimitadas por la Ley del Negociado de Investigaciones Especiales del Departamento de Justicia del Estado Libre Asociado de Puerto Rico, Ley Núm. 38 de 1 de julio de 1978, 3 L.P.R.A. sees. 138 y ss: El hecho de que el señor Santiago Reyes se escapara habilidosamente del cerco que le tendió la policía y se diera a la fuga, no puede ser atribuido en forma alguna a actuaciones negligentes de los miembros del N.I.E. No se dan en este caso, por tanto, ninguna de las excepciones establecidas en Leyva et al. v. Aristud et al., supra. Debemos concluir, entonces, que las *633 actuaciones de los oficiales involucrados en el operativo están cubiertas por inmunidad establecida en la Ley Núm. 104, supra, y que erró sala sentenciadora al imponer responsabilidad al E.L.A.
Por otro lado, no existe un nexo causal entre el accidente que ocasionó el señor Santiago Reyes y la labor que realizaron los agentes del N.I.B. en el Santa María Shopping Center. Como expusimos anteriormente, la doctrina de causa eficiente o próxima que rige en nuestra jurisdicción señala que sólo puede ser considerado como causa productora de daño aquel acto u omisión que ordinariamente produce ese daño, según la experiencia general. Soc. de Gananciales v. Jerónimo Corp., supra. Argumentar que la causa próxima del accidente en que se vieron afectadas las demandantes fue la imposibilidad de mantener al auto del señor Santiago Reyes dentro del cerco que le tendieron los agentes del N.I.E. en el referido centro comercial distante del lugar del accidente por el que se reclama, sería forzar la doctrina de la causa próxima mucho más allá de sus límites.
Debemos señalar, además, que adjudicar de otra forma esta controversia implicaría poner una restricción innecesaria a la capacidad de los agentes del orden público y, especialmente de la Policía, para cumplir con sus responsabilidades. Así, cualquier oficial de Policía se detendría a pensar antes de dar inicio a la persecución de un fugitivo, ante el temor de que se le haga responsable por los daños que ese fugitivo causase a terceros. Ciertamente, no podemos convertir a los policías u otros agentes del orden público en aseguradores de los daños causados por aquéllos a quienes persiguen.
IV
Por los fundamentos antes expuestos se revoca, en cuanto al demandado Estado Libre Asociado de Puerto Rico, la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 19 de agosto de 1997.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General