Colón Birriel, Juez Ponente
*598 TEXTO COMPLETO DE LA SENTENCIA
I
Gladys Rodríguez Algarín, la entonces querellante, hoy apelante (“la apelante”), nos solicita la revisión de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 27 de agosto de 1998, debidamente notificada el 2 de septiembre del mencionado año. Mediante el referido dictamen se declaró con lugar una moción de sentencia sumaria presentada por la entonces querellada, hoy apelada, McNeil Consumer Products (“la apelada”). Determinó dicho foro que no existía controversia en cuanto al hecho de que la medida disciplinaria tomada por la apelada contra la apelante, se debió a sus problemas de ausentismo y no a represalias por haberse ésta querellado contra un compañero de trabajo por hostigamiento sexual.
Nos corresponde determinar si, a la luz de los documentos presentados en el foro de instancia, se sostiene su dictamen de que no existía controversia en cuanto a la medida disciplinaria adoptada por la apelada contra la apelante. Para lograr tal determinación, es menester hacer un breve recuento del trasfondo fáctico de lo ocurrido, en lo pertinente a la controversia ante nuestra consideración. Veamos.
II
El 12 de julio de 1996, la apelante presentó querella por hostigamiento sexual contra la apelada. Alegó haber sufrido daños por motivo de que la apelada, su patrono, la suspendió de su trabajo por un período de tres (3) días, y por los sufrimientos causados en el lugar de trabajo. Atribuyó dicha suspensión a represalias en su contra por haber presentado la querella por hostigamiento sexual contra un compañero de trabajo. Argüyó que las ausencias señaladas por la apelada como causa de la medida disciplinaria en su contra estuvieron justificadas por razones médicas.
Luego de contestada la querella, la apelada solicitó se dictara sentencia sumaria alegando que la medida disciplinaria adoptada contra la apelante obedeció única y exclusivamente a que ésta incurrió en un patrón excesivo de ausencias, en violación a la política de ausencia de la compañía, y que sólo aplicaron las medidas contenidas en el Manual del Empleado para este tipo de casos, sin tomar en consideración para tal determinación la querella por hostigamiento sexual presentada por la apelante. Acompañaron con su solicitud amplia documentación sobre el historial de ausencias de la apelante, las que se extienden a una época anterior al problema de hostigamiento sexual alegado por ésta.
La apelante presentó oposición a la solicitud de sentencia sumaria en la que alegó que las ausencias que se le imputaron fueron por enfermedad, las que se excusaron debidamente con certificados médicos, y que el fundamento de ausentismo dado por la apelada para justificar la suspensión de la que fue objeto fue mero pretexto para ocultar la verdadera razón de dicha suspensión, lo que resulta en una represalia por haber instado una acción por hostigamiento sexual contra su compañero de trabajo. Alegó la existencia de controversia de *599 hechos esenciales al tener que demostrarse en un juicio ordinario el motivo que impulsó a la apelada a tomar una medida disciplinaria contra su persona. Posteriormente, la apelante unió a sus alegaciones una declaración jurada en la que esencialmente expresó lo antes mencionado.
Considerados los documentos y argumentos presentados, el foro de instancia declaró con lugar la solicitud de sentencia sumaria presentada por la apelada. Al así hacerlo, determinó que la suspensión de la apelante obedeció a la acumulación de un número específico de ausencias de su parte, y que no había evidencia que sustentara la alegación de que su suspensión obedeció a la querella que presentara por causa de hostigamiento sexual.
Inconforme con la determinación, la apelante recurre ante nosotros y nos plantea los siguientes errores alegadamente cometidos por el foro de instancia:

“1-Erró el Honorable Tribunal de Instancia al no aplicar correctamente a los hechos del caso la Ley de Hostigamiento Sexual en el Empleo y la Ley de Despido Injustificado.

2-Erró el Tribunal de Instancia al dictar sentencia sumaria habiendo controversia de hechos medulares.

3- Erró el Tribunal de Instancia al dictar sentencia sumaria aun cuando estaba en controversia la motivación o intención de la suspensión en un caso de hostigamiento sexual en el empleo obviando la normativa establecida en Casto Soto v. Hotel Caribe Hilton, 94 J.T.S. 128. ”
III
La decisión del Tribunal de Primera Instancia es una dictaminada bajo la Regla 36 de las de Procedimiento Civil que regula el mecanismo procesal de la sentencia sumaria. Constituyendo la sentencia sumaria un remedio extraordinario, es imperativo dar una mirada a la interpretación que de dicha regla ha hecho nuestro Tribunal Supremo para así poder determinar si los trámites procesales se realizaron conforme a derecho.
El mecanismo de la sentencia sumaria tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. Pilot Life Ins. Co. v. Crespo Martínez, 94 J.T.S. 104, págs. 20-21, opinión del 13 de julio de 1994. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales, cumpliéndose con el propósito de nuestro ordenamiento procesal vigente contenido en la Regla 2 de Procedimiento Civil, 32 L.P.R.A. Ap. III: garantizar una solución justa, rápida y económica. Méndez Arocho v. El Vocero de P.R., 130 D.P.R. 867, 873 (1992).
La Regla 36.2 de las de Procedimiento Civil, supra, permite a un demandado presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Soto v. Hotel Caribe Hilton, 94 J.T.S. 128, pág. 311, Opinión de 17 de octubre de 1994.
La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar la inexistencia de una controversia real sobre todo hecho pertinente, que a la luz del derecho sustantivo determinaría que se dicte sentencia a su favor. Hurtado Latre v. Osuna y Fresse, 95 J.T.S. 98, pág. 1065, opinión del 30 de junio de 1995; Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987). Cuando existe controversia con relación a los hechos esenciales no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. Bonilla Medina v. P.N.P., 96 J.T.S. 33, pág. 790, Opinión de 13 de marzo de 1996; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 279 (1990).
Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones *600 juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria, aunque se expone al riesgo de que así sea. P.F.Z. Properties, Inc. v. General Accident Ins. Co., 94 J.T.S. 116, Opinión de 7 de septiembre de 1994; Rivera Santana v. Superior Packaging, Inc., 132 D.P.R. 115, 133 (1992). Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones hechas por las partes. Cuadrado Lugo v. Santiago Rodríguez, a las págs. 281-282, supra.
Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Roth v. Lugo, 87 D.P.R. 386, 397 (1963).
La máxima contención de la apelante al dictamen recurrido es que, a su juicio, hay un hecho esencial en controversia, que resulta ser el verdadero motivo que tuvo su patrono, la apelada, para suspenderla del trabajo. Si la suspensión fue motivada por el alegado ausentismo de la apelante, como alega la parte apelada, o Si la acción fue un acto en represalia por la querella de hostigamiento sexual que presentara la referida apelante contra un compañero de trabajo. Argumenta, además, que en casos de hostigamiento sexual como el que nos ocupa la atención, nuestro Tribunal Supremo ha exigido de los tribunales mayor mesura en la aplicación del mecanismo procesal de la sentencia sumaria, porque suelen haber elementos subjetivos y de credibilidad tan sólo dirimibles en un juicio en su fondo.
Ciertamente, la jurisprudencia ha sido clara en el sentido de que no es aconsejable utilizar el mecanismo procesal de sentencia sumaria en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. En particular, los casos de discrimen por razón de género deben ser rigurosamente examinados por los tribunales con un análisis detenido y cuidadoso de los hechos. Casto Soto v. Hotel Caribe Hilton, supra. Por las razones anteriores, no se favorece la adjudicación sumaria en casos de discrimen por razón de género, sin un análisis exhaustivo de los documentos presentados a consideración de los tribunales.
No obstante lo expresado por dicho Tribunal, entendemos que una causa de acción en casos de discrimen por razón, de género no queda excluida de la posibilidad de que se le aplique el mecanismo procesal de la sentencia sumaria. El llamado de nuestro más alto foro es uno dirigido a que se le de cuidadosa ponderación a los hechos de una acción que trata sobre discrimen por razón de género. Sin embargo, esto no excluye la posibilidad de que, si luego de considerado todo el expediente, el tribunal sentenciador llega a la conclusión de que no alberga dudas en tomo a que los hechos materiales del litigio están incontrovertidos, proceda dictar la sentencia sumaria que crea correspondiente.
De los documentos sometidos por la apelada a su solicitud de sentencia sumaria se desprende un claro patrón de ausentismo por parte de la apelante en su lugar de trabajo. Según el registro de ausencias llevado por la apelada, las ausencias de la apelante datan del año 1990, primer año completo de su trabajo. Se desprende del registro las acciones afirmativas que el patrono, el apelado, según la política de asistencia de dicha empresa, consistentemente aplicó a la apelante hasta el año 1995, fecha en que ocurrió su suspensión. El historial de ausentismo de la apelante claramente antecede los problemas de hostigamiento sexual alegados por ésta.
La documentación presentada confirma como un hecho no controvertido que las medidas disciplinarías a *601 tomar por un número determinado de ausencias surgen del Manual del Empleado de la. empresa apelada, y dichas medidas se obtienen por el cómputo objetivo de las “ocasiones”, (denominación de las ausencias en la empresa de la apelada), que se hayan cometido por el empleado. De este modo, y por ejemplo, cinco “ocasiones” conllevan una entrevista con el empleado que se ha ausentado y la advertencia de que una sexta “ocasión” conllevará una suspensión por tres días laborables de empleo y sueldo. El foro de instancia cuidadosamente detalló las ausencias de la apelante que llevaron a la apelada a suspender a la primera , y todo tiende a indicar que la apelante sólo llevó a cabo su política de asistencia sin tomar en consideración para ello el otro asunto que significaba la presentación de una querella por hostigamiento sexual contra un compañero .
Del propio Manual del Empleado de la empresa apelada, surge la definición de las ausencias que serán consideradas como excusadas. Las ausencias supuestamente excusadas por las citas médicas presentadas por la apelante no se encontraban dentro de la categoría de ausencias excusadas por dicho manual por lo que fueron tomadas como “ocasiones”. En la querella presentada no se cuestionó la razonabilidad de dicha política por parte de la empresa apelada, y la etapa apelativa no es la adecuada para hacer tal planteamiento en primera ocasión. Visto de esta forma, la única razón que surge de los documentos presentados para la suspensión de la apelante fue el número de las ausencias que tuvo en su trabajo y no otra. Las alegaciones de la apelante referentes a que fue suspendida de su trabajo como represalia por haber instado una acción por hostigamiento sexual contra un compañero de trabajo nos parecen alegaciones conclusorias, no sostenidas por los documentos ante nuestra consideración.
Por los fundamentos expuestos, resolvemos que los errores señalados por la apelante no fueron cometidos, por lo que procedemos a confirmar la sentencia apelada dictada el 27 de agosto de 1998, por el Tribunal de Primera Instancia, Sala Superior de Caguas.
El Juez Soler Aquino disiente sin opinión escrita.
Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 99 DTA 5
1. 32 L.P.R.A. Ap. III, R. 36
2. Ver Apéndice I de la parte apelante, págs. 5 y 6.
3. La querellada tomó medidas correctivas respecto a la querella por hostigamiento sexual; Apéndice XI de la parte apelante, pág. 278.